

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5746 | **DATE** | 11/5/2003 |
| **CASE TITLE** | Tara B. O'Shea vs. Walt Disney World Co., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We grant O'Shea's motion to remand (6-1) and order that O'Shea's lawyers pay the defendants' reasonable costs and expenses associated with the removal and motion to remand. The Clerk of the Court is directed to remand the above cause of action to the Circuit Court of the Eighteenth Judicial Circuit, Wheaton, Illinois. Defendants' attorneys are directed to file an affidavit within 14 days setting forth in detail their costs and fees, including attorney's fees. Plaintiff may respond within 7 days thereafter. The status hearing set for 11/18/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| TARA B. O'SHEA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 CV 5746 |
| | ) | |
| WALT DISNEY WORLD CO., a Florida | ) | |
| Corporation, d/b/a WALT DISNEY WORLD and | ) | |
| DISNEY'S OLD KEY WEST RESORT, DISNEY | ) | |
| REALTY, INC., a Florida Corporation, and WALT | ) | |
| DISNEY PARKS AND RESORTS, LLC, a Florida | ) | |
| Limited Liability Company, DISNEY VACATION | ) | |
| CLUB MANAGEMENT CORP., a Florida | ) | |
| Corporation, and DISNEY VACATION | ) | |
| DEVELOPMENT, INC., a Florida Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
NOV 0 6 2003

## **MEMORANDUM OPINION & ORDER**

Plaintiff Tara B. O'Shea filed her complaint in the Circuit Court of Illinois on July 11, 2003. Defendants filed a notice of removal on August 30, 2003. Presently before us is O'Shea's motion to remand the case for lack of subject matter jurisdiction on the grounds that her claim does not meet the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a). For the reasons stated below, we grant O'Shea's motion to remand and order that O'Shea's lawyers pay the defendants' reasonable costs and expenses associated with the removal and motion to remand.

### I. BACKGROUND

We recite the facts as laid out in plaintiff's complaint for purposes of assessing whether the amount in controversy was satisfied at the time that the suit was filed. *Grinnell Mutual Reinsurance Company v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997). On July 8, 1996, plaintiff Tara O'Shea, then thirteen years old, injured her hand while on vacation at the Disney World Resorts in Florida. O'Shea

1

was attempting to use the ice machine at the Disney's Old Key West Resort when the machine jammed. She reached into the ice dispenser to dislodge the blockage but, unfortunately, the machine activated, seized her hand and cut into it, causing "severe and permanent damage" to her right hand. (Compl. ¶6.).

Pursuant to Illinois Supreme Court Rule 222(b), O'Shea submitted an affidavit of damages along with her complaint, in which she swore under oath that her cause of action sought damages in excess of $50,000. (Mot. to Remand Ex. A.) In the complaint itself, however, she stated that she was demanding judgment "in excess of $75,000." (Compl. 10.) Based upon the amount in controversy stated in the complaint, the defendants removed the action to this court. O'Shea now alleges that the claim "does not exceed the jurisdiction[al] amount of $75,000.00" and that the amount alleged in the complaint was stated in error. (Mtn to Remand 10).

## II. DISCUSSION

### A. Motion to Remand

This court must remand a case to state court if it does not have subject matter jurisdiction over the action. This case does not involve a federal question, so the parties must establish that they meet the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332. The parties do not dispute that there is complete diversity (the plaintiff is a citizen of Illinois and the defendants are all Florida corporations); they do dispute whether the amount in controversy rises to the jurisdictional threshold of $75,000. 28 U.S.C. § 1332(a).

In assessing whether this case meets the threshold requirement, we look to the amount in controversy at the time that the suit was filed. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). As a matter of procedure, it is the removing party's responsibility to demonstrate a "reasonable probability" that jurisdiction exists; however, we need not limit ourselves to consideration of material presented in the removing party's brief. *Smith v. Am. Gen. Life and Accident Ins. Co., Inc.,*

337 F.3d 888, 892-93 (7th Cir. 2003). Ultimately, it is this court's responsibility to evaluate whether or not the case satisfies the amount in controversy requirement. *Id.* at 93 (noting that the court has an "independent obligation" to evaluate whether the court has jurisdiction).

In arguing that removal was appropriate, the defendants rely on O'Shea's claim (made in the complaint) that the amount in controversy exceeds $75,000. (Notice of Removal ¶ 9.) Reliance on the complaint was certainly reasonable,[1] but the complaint alone does not settle the matter. We must consider whether there is a "reasonable probability" that the amount in controversy exceeds $75,000. O'Shea's reply to the defendant's motion in opposition to remand is helpful in that it presents a list of recent state court verdicts in which the injury to the plaintiff was similar or "of a greater magnitude and nature and extent than those suffered by Plaintiff." The amounts of the verdicts listed by the plaintiff are far below $75,000. Some representative examples include: $24,011 for a case involving facial and hand lacerations, and cervical and lumbar injuries to a 44 year old plaintiff; $29,884 awarded for injuries resulting from severe wounds to hand and arm resulting from a dog bite; $10,000 for hand fractures and other damages; and $2,500 for hand lacerations and other injuries. (Pl's. Reply to Defs' Mot. in Opp'n

---

[1] O'Shea attempts to argue that reliance on the complaint was unreasonable. In essence, she argues that the defendants *should have known* that the statement in the complaint was a mistake because the jurisdictional amount in Illinois is only $50,000. She further argues that defendants should have figured this out by looking at plaintiff's *Affidavit of Damages,* in which she checked a box stating that the amount of damages "does exceed $50,000.00." (Compl. Ex. A). Based on this alleged failure to figure out that the amount stated in the complaint was a mistake, O'Shea argues that we should award her costs and expenses associated with the removal action. It is generally proper for a defendant to rely on the statements made in a complaint that has been (presumably proofread) and sworn to under the penalty of perjury. Furthermore, although the defendants in this case could have presented more evidence regarding the true amount in controversy, we decline to award costs and expenses to the plaintiff for an issue that was ultimately caused by her own mistake.

to Remand 4.) Not one of the cases listed by the plaintiff involved an award that exceeded $30,000.[2] These verdicts suggest that it is highly unlikely that O'Shea's claim will result in a jury verdict in an amount greater than $75,000. We therefore remand the case to the Illinois Circuit Court.

## B. Costs and Expenses

The defendants requested that they be awarded costs and expenses associated with the removal and subsequent remand of this action. Under 28 U.S.C. § 1447(c), this court "may require payment of just costs and any actual expenses, including attorney's fees" incurred as a result of removal. Here, the defendants claim that they removed the action in reliance on a mistake in the plaintiff's complaint. In other words, had the plaintiff's lawyer not made a mistake in her complaint, the notice of removal would not have been filed. Under these circumstances, it is appropriate to award reasonable costs and expenses, including attorney's fees to the defendants with respect to the notice of removal and remand. *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) (finding that bad faith is not a prerequisite to the imposition of sanctions under § 1447(c)). Accordingly, we direct the defendants' attorneys to file an affidavit within fourteen days setting forth in detail their costs and fees, including attorney's fees, incurred as a result of the removal. Plaintiff may respond, if she wishes, within seven days after this filing. We will fix the appropriate award after reviewing these submissions. Furthermore,

---

[2]Plaintiff cites a long list of jury verdicts that fall below $30,000 and states that many of the injuries in those cases were "of a greater magnitude and nature and extent than those suffered by Plaintiff." Given these assertions, it appears disingenuous that the plaintiff would submit an affidavit to the Illinois Circuit Court swearing under oath that the amount of damages sought in the case exceeds $50,000. Although these facts indicate a lack of good faith on the plaintiff's part, we will leave it for the Illinois Circuit Court to decide whether sanctions are appropriate. *See* Ill. Sup. Ct. R. 222(i) (providing that a court shall impose sanctions against a party or attorney for filing an affidavit of damages in bad faith or without reasonable factual support).

because the mistake was made by the plaintiff's attorney, any award will be paid by the plaintiff's lawyers and may not be passed on to the plaintiff herself.

### III. CONCLUSION

For the reasons stated above, the plaintiff's motion to remand is granted. The defendants' request for fees and costs is granted as well.

MARVIN E. ASPEN
United States District Judge

Dated 11/5/03