# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5746 | **DATE** | 4/14/2004 |
| **CASE TITLE** | Tara B. O'Shea vs. Walt Disney World Co., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We find that the defendants are entitled to a fee award in the amount of $1,724.88.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 1 5 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/14/2004 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TARA B. O'SHEA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WALT DISNEY WORLD CO., a Florida | ) | |
| Corporation, d/b/a WALT DISNEY WORLD and | ) | |
| DISNEY'S OLD KEY WEST RESORT, DISNEY | ) | |
| REALTY, INC., a Florida Corporation, and WALT | ) | No. 03 C 5746 |
| DISNEY PARKS AND RESORTS, LLC, a Florida | ) | |
| Limited Liability Company, DISNEY VACATION | ) | |
| CLUB MANAGEMENT CORP., a Florida | ) | |
| Corporation, and DISNEY VACATION | ) | |
| DEVELOPMENT, INC., a Florida Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
APR 1 5 2004

## MEMORANDUM OPINION & ORDER

MARVIN E. ASPEN, District Judge.

In our order of November 5, 2003, we remanded the present action and ordered that Plaintiff's attorney, Patrick J. O'Shea, pay the defendants' reasonable costs and expenses associated with the removal and subsequent remand of the case. Defendants filed an affidavit which lists their costs associated with the removal and remand, and Mr. O'Shea has filed his objections. For the reasons set forth below, we award fees and costs in the amount of $1,724.88.

## ANALYSIS

Defendants submitted a request for $2,242.38 in fees and costs. One of their attorneys, Julie K. Zeglis, filed an affidavit in which she described the work that she and another attorney, Mark Blocker, performed on the case. Zeglis is a junior-level associate with the firm Sidley, Austin, Brown & Wood who bills at an hourly rate of $175 per hour. She states that she spent 9.50 hours

working on the removal and remand. Blocker is a partner who bills at an hourly rate of $385.00. He spent 0.25 hours working on the case. In the fee affidavit, Zeglis also requests: 1) $50 for the time of Sidley's docket personnel; 2) $203.63 for the cost of computerized legal research; 3) a $150 filing and appearance fee incurred in removing the action to federal court; and 4) an $80 service fee paid to an outside service for filing the defendants' notice of removal in the Circuit Court of DuPage County.

Plaintiff's attorney makes several objections to these charges.[1] First, he argues that the defendants' attorneys spent an unreasonable amount of time preparing the notice of removal and response to the motion to remand. Zeglis avers that she spent 4.0 hours preparing and filing the notice of removal, which is a four-page document, and 4.5 hours preparing the response to the remand motion, which is also a four-page document. We find that it is reasonable for an attorney to spend four to five hours researching and drafting a four-page document, and therefore reject O'Shea's request to reduce the number of hours billed for those tasks.

We do agree with O'Shea's argument that he should not have to pay for time spent preparing and filing a motion for an extension of time in which to respond to the plaintiff's complaint. We therefore deduct 0.25 hours for the amount of time charged by Zeglis for that motion, as well as the $25 charge billed by Sidley's docketing personnel for filing the motion.

We also agree with O'Shea's argument that Zeglis should not have billed at an attorney's

---

[1] One of the listed objections to Zeglis' affidavit is that it does not specify that the information contained therein was made under oath, nor does it include an explicit statement that the information is true. However, Zeglis has signed her affidavit, and, under Federal Rule of Civil Procedure 11, her signature constitutes a certification that the allegations have factual support. Thus, we assume that the affidavit and all of the exhibits presented along with the affidavit were submitted in good faith. We accordingly reject the plaintiff's arguments that we should ignore some of the billing statements attached as exhibits to Zeglis' affidavit because they do not specify that the charges were related to the present case.

2

hourly rate for time spent filing.[2] Filing documents with a court is the type of activity that can be done by a paralegal and therefore should be billed at a paralegal's rate. Zeglis billed 0.5 hours for filing on August 18, 2003 and 0.25 hours for filing on September 15, 2003. On August 15, 2003, Zeglis billed 4.0 hours for "[d]rafting and filing notice of removal." She did not break down how much of that time was spent for filing and how much was spent for drafting. We thus estimate that she spent 0.5 hours filing that day and subtract 0.5 hours from the total 4.0 hours that she billed. In calculating the amount of hours that may be billed at her hourly rate, we accordingly subtract a total of 1.25 hours that Zeglis billed for filing. Instead, we will allow that time to be billed at the paralegal rate of $50 per hour. *See Holland v. Barnhart*, No. 02-c-8398, 2004 WL 419871, *2 (N.D. Ill. Feb. 3, 2004) (finding $50 per hour to be a reasonable rate for billing paralegal services). Having said that, we also note that on September 15, 2003, Zeglis billed 0.25 hours for filing *and*, in her affidavit, she submitted a statement for $25 for her docket clerk's time spent filing. This is duplicative, so we will allow the $25 charge for the docket clerk's time but will not include the 0.25 hours billed by Zeglis for filing on that day. We thus subtract 0.25 hours from the 1.25 hours that will be billed at the paralegal rate (leaving a total of 1.00 hour spent for filing by Zeglis, billed at a rate of $50 per hour).

O'Shea's next argument is that the $175.00 per hour rate charged for work performed by Zeglis, a 2002 law school graduate, was too high. We agree that a rate of $150.00 per hour is a more reasonable rate for an attorney with only one year of experience.

Finally, O'Shea argues that the defendants should not be able to recoup $80.00 that they paid to a court filing service for filing their notice of removal in the Circuit Court of DuPage County

---

[2]We do not know exactly what Zeglis meant when she used the word "filing." We assume that she meant filing with the court. However, even if she used the word to mean that she spent time organizing her files, we still believe that this is the type of work that should be billed at a paralegal's hourly rate.

3

because that court accepts service by mail. We agree that the expense was unnecessary to the removal and therefore exclude it from our final calculation of costs.

## CONCLUSION

For the reasons listed above, we find that the defendants are entitled to a fee award in the amount of $1,724.88. Specifically, we award 1) $1,296.25 in attorney's fees (8.0 hours spent by Zeglis at an hourly rate of $150 per hour and 0.25 hours spent by Blocker at a rate of $385.00 per hour); 2) $50 for paralegal costs (1 hour spent filing at a rate of $50 per hour); 3) $25 for the time that the defendants' docket personnel spent filing on September 15, 2003; 4) $203.63 for the cost of computerized legal research; and 5) the $150 filing and appearance fee paid to remove the action to federal court. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 4/14/04